IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CRUZ CASTRO, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | No. 25-cv-07333 |
| v. | : | |
| | : | |
| J.L. JAMISON, et al., | : | |
| Respondents. | | |

**ORDER**

**AND NOW**, this 7th day of January, 2026, upon consideration of Jose Cruz-Castro's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response (ECF No. 5), it is hereby **ORDERED** that the Petition (ECF No.1) is **GRANTED** as follows:

1. Mr. Cruz-Castro is not subject to detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Cruz-Castro from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on January 8, 2026**.

3. If the Government chooses to pursue re-detention of Mr. Cruz-Castro pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4. If the Government chooses to pursue re-detention of Mr. Cruz-Castro pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Mr. Cruz-Castro from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Mr. Cruz-Castro is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Mr. Cruz-Castro if

unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Mr. Cruz-Castro.[1]

The Clerk of Court shall mark this case closed.

**IT IS SO ORDERED**.

**BY THE COURT:**

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1] The recitation of facts contained in this paragraph is drawn from Mr. Cruz-Castro's Petition for Writ of Habeas Corpus, ECF No. 1 ("Pet. for Habeas Corpus"), and is not disputed by the Government for the purposes of resolving this Petition, ECF No. 5 at 3. Mr. Cruz-Castro is a native of El Salvador. Pet. for Habeas Corpus ¶ 18. In 2011, Mr. Cruz-Castro entered the United States via the U.S. Border with Mexico. *Id.* ¶ 19. Mr. Cruz-Castro settled in Philadelphia County, PA where he was living with his wife and two US citizen children before his incarceration. *Id.* ¶ 20. On December 24, 2025, Mr. Cruz-Castro was arrested walking near his home on his way to work. Without prior warning, an ICE official took Mr. Cruz-Castro into custody. *Id.* ¶ 21. Mr. Cruz-Castro was transported to FDC, Philadelphia, where he remains detained. *Id.* It is believed by Mr. Cruz-Castro's counsel that subsequent to Mr. Cruz-Castro's arrest, Mr. Cruz-Castro has been issued a Notice to Appear charging him as removable from the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) ("A [non-citizen] present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible"). *Id.* ¶ 22. Mr. Cruz-Castro intends to submit an application for Cancellation of Removal to the Executive Office of Immigration Review due to his more than 10 years of continuous presence in the United States and the hardship his removal would cause his qualifying relatives, his two U.S. citizen children. *Id.* ¶ 23.

Petitioner argues that his detention is a violation of the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, 8 U.S.C. § 1226(a), Bond Regulations, 8 C.F.R. §§ 236.1, 1236.1, 1003.19, and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq*. The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than non-citizens who are already in the United States pending the outcome of immigration proceedings. The Government argues that the Court should deny the Petition because (1) this Court lacks jurisdiction to intervene in Petitioner's removal proceedings, (2) Petitioner is lawfully detained pursuant to 8 U.S.C. §

1225(b)(2), and (3) Petitioner's detention does not violate Constitutional due process requirements. ECF No. 5.

The Government candidly acknowledges that the substantial weight of district court authority has rejected its arguments and that the primary purpose of the Government's briefing is to tee up a potential appeal. *Id.* at 1–2 (noting that the 46 decisions on these issues in this district have unanimously rejected the Government's arguments); *see also Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that of 288 district court decisions from across the country to have addressed the Government's interpretation of the Immigration and Nationality Act, all but six have rejected the Government's argument.)

The Court finds no reason to reiterate the reasoned analyses thoroughly and appropriately rejecting the Government's positions. *See e.g.*, *Demirel*, 2025 WL 3218243; *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). Mr. Cruz-Castro's is not subject to 8 U.S.C. § 1225(b)(2), and thus his detention without the opportunity for a bail hearing is unlawful.